### ALBERT STATUM *v.* THE STATE.

1. THEFT — EVIDENCE. — Appellant was charged with the theft of "a certain United States currency note, commonly called a greenback bill, of the value and denomination of five dollars."   The evidence described the money as "a five-dollar bill, of the value of five dollars."   *Held*, that the proof does not sustain the description.

2. PLEADING. — Only such a description of stolen property should be alleged as the proof suffices to sustain.   If that be indefinite, it should be alleged that a better one cannot be given.

3. THEFT OF LOST PROPERTY. — If the finder of lost property, knowing or having reason to believe that the owner can be found, takes it with intent to deprive the owner of its value and to appropriate it to his own use, he is guilty of theft.

APPEAL from the County Court of Smith.   Tried below before the Hon. J. M. LOGAN, County Judge.

According to the testimony adduced by the State, the owner of the money dropped it inadvertently in the presence of the appellant, who put his foot upon it until the owner turned away, and then picked it up.

Imprisonment in the county jail for one day and a fine of $100 were assessed as the punishment of the appellant.

*G. W. & Horace Chilton*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Hurt, J.    The appellant was charged by information with the theft of "a certain United States currency note, commonly called a greenback bill, of the value and denomination of five dollars." He was convicted in the court below, from which he appeals to this court.

By reference to the statement of facts it will be seen that there is no evidence to support the description of the note or bill as set forth in the information. The only description found in the statement of facts is as follows: "The money lost was a five-dollar bill, of the value of five dollars." The evidence as to description being as above stated, the defendant's attorneys asked the court to give certain special instructions, the object of which was to hold the State to the proof of the description as set forth in the information. This the court below refused to do, and to this the defendant excepted at the time, and saved the points by proper bills. The action of the court upon these special charges is assigned for error.

We are of opinion that in this the court below erred. Evidently a description of the note or bill was given in the information. It is equally evident that the description was not proven. This must be done. There was no necessity for thus describing the bill; the pleader should never give a description unless he be furnished with the evidence to make it good. There is no danger with the evidence; without it, it is fatal. Give such as can be proved; if that is not sufficient, allege in the information that a better one cannot be given.

The fifth special instruction asked by the defendant is to this effect: "If the money was lost by the owner, and the defendant did not know who lost it, the jury must acquit." The court below refused to give this instruction, and in this there was no error. Suppose the goods were accidentally left in a particular place, this would not be a case of lost property, and the taking would be from the possession of the owner. 2 Bishop's Cr. Law, sect. 858. Suppose that at

the time of the taking the defendant knew, or had reasonable grounds to believe, that there was an owner to whom he could have delivered them, and if, so knowing, he intended to deprive the owner of their value and appropriate them to his own use, he would be guilty. 2 Bishop's Cr. Law, sect. 777, note. For the error committed by the court below in refusing to give the special instructions asked by the defendant, this case must be reversed, which is accordingly done, and the same is remanded.

*Reversed and remanded.*